UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

                -against-

TATE CRUSE,

                Defendant.
------------------------------------------------------------X

FILED
CLERK

3:10 pm, May 02, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
21 CR 493 (GRB)

**GARY R. BROWN, United States District Judge:**

      In this sexual abuse prosecution brought under 18 U.S.C. §§224l(a)(l) and 2242(1), defendant Tate Cruse seeks dismissal of the indictment against him or, in the alternative, an evidentiary hearing, based on a claim that a Government agent improperly restricted access to a crucial witness, to wit: the alleged victim (hereinafter referred to as "Jane Doe"). DE 53. Trial in this matter is set to proceed on May 16, thus the motion must be resolved forthwith.

      Though an evidentiary hearing has not been held, the Court has been presented with extensive factual materials[1] which offer few factual disputes. In sum and substance, a defense investigator visited the home of Jane Doe, seeking to interview her. Based on review of the various materials submitted, including the audio call, it appears that, though the investigator seems to have properly identified herself, the victim may have misapprehended the investigator's role, perhaps under the misimpression that the investigator was a victim advocate. Upon realizing that the investigator was working on behalf of the defendant, however, she quickly called the case agent and after a brief discussion, told the defense investigator to leave.

---

[1] These include two affidavits prepared by the defense investigator, two affidavits by Government agents, and an audio recording of the encounter between Jane Doe and the defense investigator. DE 53-1, 57-1, 57-2, 60-1, 60-2 & 60-3.

1

The parties' major factual dispute turns on exactly what was said by the agent during the call: the defense investigator claims she heard the case agent tell Jane Doe "Do not speak to her." DE 53-1, ¶ 19.  The Government denies this claim.  DE 57-2, ¶4(c).  The call was not on speakerphone, such that while the investigator claims to have heard this part of the conversation, it cannot be heard on the audiotape provided.  DE 60-2.  What is beyond dispute, however, is that the defense investigator advised Jane Doe that "she was in fact free to not speak to me if she chose to do so but if she had been instructed [by the case agent] not to speak with me, it would be a problem."  DE 53-1, ¶22.  It is further undisputed that, in response, Jane Doe denied that that any such instruction had been given by the case agent, but instead indicated that she did not want to speak with the investigator.  DE 53-1, ¶¶22-23.

The government has no "special right or privilege to control access to trial witnesses," *United States v. Hyatt,* 565 F.2d 229, 232 (2d Cir. 1977), and may not obstruct a defendant's access to prospective witnesses.  *United States v. Miller*, 381 F.2d 529, 538 n.7 (2d Cir. 1967). At the same time, of course, a witness is not obligated to be subjected to an interview.  *Id.*  On this motion, defendant has cited some non-binding precedent suggesting that a remedy may be imposed on these facts, including an evidentiary hearing to establish the facts, and potentially dismissal of the indictment.  DE 53, *citing United States v. White,* 454 F.2d 435, 438-39 (7th Cit. 1971).

Given the procedural posture here, however, and the importance of resolving these issues efficiently and maintaining the trial date, a different solution presents itself: appointment of counsel for Jane Doe under the Criminal Justice Act presents an efficient and fair resolution that obviates the need for further proceedings in connection with this motion.  While CJA counsel is generally reserved for the appointment of counsel for defendants, it is well established that "in

2

some circumstances, the CJA extends beyond the minimum required by the Sixth Amendment." *United States v. Vilar*, 979 F. Supp. 2d 443, 446 (S.D.N.Y. 2013). And, in these circumstances, the appointment of CJA counsel effectively serves the interest of justice.

The Court will appoint CJA counsel for Jane Doe, and it will be the responsibility of that counsel to consult with Jane Doe and contact counsel for defendant forthwith if, after being fully advised of her rights in this regard, she wishes to submit to an interview with the defense. Moreover, appointed counsel is authorized, as appropriate and if requested by Jane Doe, to attend witness preparation and court proceedings to ensure that Jane Doe's rights are protected, including but not limited to any rights she may have under 18 U.S.C. §§3771-3. This appointment will thus serve to protect the rights of the defendant while safeguarding those of Jane Doe.

Based on the foregoing, defendant's motion is granted solely to the extent set forth in this opinion and is DENIED in all other respects.

**SO ORDERED.**

Dated: May 2, 2023
   Central Islip, New York

                                         /s/ Gary R. Brown
                                         HON. GARY R. BROWN
                                         UNITED STATES DISTRICT JUDGE